IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-0001-FL

| | | |
|---|---|---|
| WELLINGTON DICKENS III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WAKEMED HEALTH & HOSPITALS and | ) | |
| WAKE COUNTY GOVERNMENT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b),United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss plaintiff's claims. Plaintiff timely filed objections to the M&R (DE 8). In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R, and dismisses the action in its entirety.

**BACKGROUND**

Plaintiff filed motion for leave to proceed in forma pauperis on January 5, 2018, accompanied by proposed complaint and several exhibits, asserting claims against defendant for violations of his federal and state constitutional rights. Plaintiff also asserts claims for several state torts, including false imprisonment, intentional infliction of emotional distress, and invasion of privacy. All claims arise from a report of child abuse or neglect made by defendant WakeMed

Health & Hospitals, Inc. ("WakeMed") to defendant Wake County and the subsequent actions taken by Wake County employees upon receipt of the report. Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief.

In M&R entered May 4, 2018, the magistrate judge recommends dismissal of all federal claims against defendants for failure to state a claim upon which relief can be granted. The magistrate judge also recommends denying to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff filed objections to the M&R on May 15, 2018, challenging the magistrate judge's determinations.

**DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

1.     Defendant Wakemed

Plaintiff first objects to the magistrate judge's recommendation to dismiss his claims against defendant Wakemed. Plaintiff challenges the magistrate judge's finding of no state action and argues that Wakemed is liable under § 1983, where it conspired with Wake County Social Services to violate his rights under the First Amendment. Plaintiff asserts that this "joint action with the [s]tate" is sufficient to subject defendant to liability under § 1983. (DE 8, p. 3).

To establish a conspiracy claim under § 1983, plaintiff must allege that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of a constitutional right." Massey v. Ojaniit, 759 F.3d 343, 357–58 (4th Cir. 2014) (internal quotations and citations omitted). "[M]ere allegations of conspiracy, backed up by no factual showing of participation in a conspiracy, are insufficient." Ballinger v. North Carolina Agr. Extension

Serv., 815 F.2d 1001, 1007 (4th Cir. 1987); see also Gooden v. Howard County, Md., 954 F.2d 960, 969–70 (4th Cir. 1992) ("[C]ourts have thus required that plaintiffs alleging . . . conspiracy claims under . . . § 1983 plead specific facts in a nonconclusory fashion."). Rather, plaintiff must allege sufficient facts that "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996).

Plaintiff asserts that because defendant WakeMed permits county social services to use its facilities, "a contractual agreement or some kind of unspoken and unadmitted mutual affirmation is undeniable." (DE 8, at p. 2). However, plaintiff fails to allege sufficient facts that "reasonably lead to the inference that [defendants] positively or tacitly came to a  mutual understanding to try to accomplish a common and unlawful plan." Hinkle, 81 F.3d at 421. The fact that social services may have conducted business at defendant's facility does not necessarily imply that an agreement to violate plaintiff's constitutional rights existed between them. Plaintiff's conclusory assertion that such agreement existed is insufficient. See Ballinger, 815 F.2d at 1007. Accordingly, to the extent plaintiff asserts a conspiracy claim under § 1983, such claim must be dismissed for failure to state a claim upon which relief can be granted.

To the extent plaintiff alleges that Wakemed qualifies as a state actor because its staff made a report to North Carolina's Department of Social Services ("DSS"), such allegations are also insufficient to subject defendant to liability under § 1983. See Lugar v. Edmonson Oil Co., 457 U.S. 922, 939, n.21 (1982) (indicating that "a private party's mere invocation of state legal procedures" does not constitute the type of "joint participation" required to satisfy § 1983). Where the magistrate judge's analysis on this point is thorough and correct, the court adopts as its own the magistrate judge's findings and overrules plaintiff's first objection on this basis.

2.      Defendant Wake County

Plaintiff next objects to the magistrate judge's finding that the alleged deprivation of rights did not occur because of an official "policy or custom" of defendant. Plaintiff argues that defendant is liable for failing to "adopt [an] adequate training policy." (DE 8, p. 5)

It is well-established that a municipality may only be held liable under § 1983 if the "execution of the government's policy or custom inflicts the [alleged] injury." City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978)) In limited circumstances, inadequate training may be considered a policy that is actionable under § 1983. However, "inadequacy of . . . training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [government employees] come into contact." Id. at 388. To succeed under this theory, plaintiff must allege sufficient facts to show that the deficiency in training actually caused the alleged constitutional violation.

Plaintiff asserts that "[t]he county failed to adopt an adequate training policy due to its involved social service workers, [J]udge Gregory, and coincidentally the deputy sheriffs whose failure to acknowledge the said rights of my wife and I that are ultimately protected by the United States Constitution as well as federal and state law." (DE 8, p. 6). However, plaintiff fails to assert any specific deficiency in any training program which caused the alleged deprivation of his constitutional rights. Therefore, plaintiff's claims against defendant Wake County must be dismissed for failure to state a claim.

3.      Individual defendants

To the extent that the magistrate judge liberally construed plaintiff's complaint to assert claims against potential individual defendants, including Judge Gregory and the individual social workers and deputy sheriffs involved, the magistrate judge recommends dismissal of those claims on the basis that

such claims are barred by immunity.

Plaintiff raises a general objection to the magistrate judge's findings as to any potential claims asserted against Judge Gregory, and the individual social workers and deputy sheriffs involved. Upon careful review of the record and the M&R, the court adopts in full the immunity analysis of the magistrate judge that recommended a finding of immunity for Judge Gregory, and the individual social workers and deputy sheriffs. See Diamond, 416 F.3d at 315 (noting that absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R). Furthermore, to the extent plaintiff seeks leave to amend his complaint to add these individuals as defendants, such request is denied.

4.      Supplemental jurisdiction

The magistrate judge recommends declining to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff does not object to this recommendation. Upon careful review of the record and the M&R, the court adopts in full the magistrate judge's analysis on this point.

In sum, for reasons stated herein and in the M&R, the court dismisses plaintiff's claims.[1]

**CONCLUSION**

Based on the foregoing, upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's claims are DISMISSED for the reasons stated herein and in the M&R. Accordingly, the action is DISMISSED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1]      In his response and objection, plaintiff asserts that he is not attempting to challenge any state court order. Plaintiff also asserts that he does not claim that 42 U.S.C. § 5106i creates a private right of action. Where discussion of the Rooker-Feldman doctrine and 42 U.S.C. § 5106i do not impact the court's findings as set forth herein, the court declines to adopt the magistrate judge's analysis on these points.